UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIANCARLO SALDARRIAGA, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>Beachbody LLC; John Does 1-10 (fictitious persons); and ABC Corps. 1-10 (fictitious entities),<br><br>                Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Giancarlo Saldarriaga, by his undersigned attorneys, as and for his Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a product liability action in which Plaintiff, Giancarlo Saldarriaga ("Saldarriaga"), seeks remedies for injuries caused by a defective over the frame chin-up bar ("chin-up bar") manufactured, marketed, distributed, and/or sold by defendant Beachbody LLC, John Does 1-10 (fictitious persons), and ABC Corps. 1-10 (fictitious entities).

2. Plaintiff's claim arises from an August 6, 2017 incident in which the chin-up bar suddenly and unexpectedly detached from a doorframe while he was using it, causing Plaintiff Giancarlo Saldarriaga severe and permanent injuries and continued pain and suffering.

3. Plaintiff seeks compensatory and punitive damages against defendants Beachbody LLC, John Does 1-10 (fictitious persons), and ABC Corps. 1-10 (fictitious entities), as well as attorneys' fees and costs, and such other relief as the Court deems fair and just.

### PARTIES

4. Plaintiff Saldarriaga is a citizen of the United States of America who resides at 98-18 Rockaway Beach Boulevard in Far Rockaway, New York.

5. Defendant Beachbody LLC ("Beachbody") is a Delaware limited liability company with its principal place of business located at 3301 Exposition Boulevard, Third Floor, Santa Monica, California 90404. Defendant Beachbody operates a website at www.beachbody.com through which it sells a variety of exercise equipment. At all relevant times, defendant Beachbody conducted business in the State of New York, including advertising, marketing, selling, and/or distributing exercise equipment in that state, and derived substantial income from such activities.

6. Defendants John Does 1-10 are fictitious individuals whose identities are unknown at this time who are believed to have engaged in conduct giving rise to Plaintiff's claims asserted herein and/or are liable for Plaintiff's injuries and damages.

7. Defendants ABC Corps. 1-10 are fictitious corporate entities whose identities are unknown at this time who are believed to have engaged in conduct giving rise to Plaintiff's claims asserted herein and/or are liable for Plaintiff's injuries. Hereinafter, the term "Defendants" shall collectively refer to Beachbody, John Does 1-10, and ABC Corps. 1-10.

## JURISDICTION AND VENUE

8. This action arises under the laws of the State of New York.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and a substantial part of the events giving rise to this claim occurred in this district and because at all times relevant hereto defendant Beachbody conducted business in New

York including marketing, selling, and/or distributing the exercise equipment including the chin-up bar that is the subject of this lawsuit to a New York customer.

## FACTS

11. Defendant Beachbody, its agents, servants, and/or employees own a business whose purpose includes designing, manufacturing, assembling, producing, marketing, distributing, and/or selling a variety of exercise products, including a P90X® exercise system which, at all relevant times included a chin-up bar.

12. The P90X® chin-up bar was designed to be hung over a door frame for ease of use.

13. The design and manufacture neither requires, recommends nor includes any fixed attachment of the exercise bar to the door frame.

14. The P90X® chin-up bar is a fundamentally unsafe product because it requires no fixed attachment to the door frame and is unstable for safe use as intended because of the inherent danger of dislodgement and injury when used as intended.

15. Prior to Plaintiff's injury, Defendant Beachbody was aware or should have been aware, from appropriate design, research, and testing, as well as publically available information about other lawsuits causing similar injuries when similar products were used in similar fashion that the P90X® chin-up bar was a defective product that created a substantial and unreasonable risk of injury to its users.

16. The P90X® exercise equipment at issue was ordered online as part of a P90X® exercise equipment package from www.beachbody.com in approximately 2013 by Stephen O'Shea. The equipment was shipped to a residential address in Belle Harbor, New York where

3

Mr. O'Shea resided at the time. Mr. O'Shea rarely used the chin-up bar and it was subsequently given to Plaintiff Giancarlo Saldarriaga. Exhibit A, Affidavit of Stephen O'Shea.

17. On August 6, 2017, Plaintiff Giancarlo Saldarriaga was utilizing the P90X® chin-up bar to perform pull ups in its intended and reasonably foreseeable manner, that is hung over a doorframe, when suddenly and without warning the chin-up bar dislodged from the doorway and fell on Plaintiff's leg as he fell to the ground at his place of employment in Far Rockaway, New York ("the accident").

18. As a direct and proximate result of the chin-up bar dislodging, Plaintiff was severely injured, including sustaining an acute comminuted fracture of the right distal femur with intra-articular extension into the intercondylar aspect of the distal femur and large lipohemarthrosis of the right knee.

19. As a direct and proximate result of Saldarriaga's accident and the comminuted fracture of his right femur, Plaintiff required an open reduction and internal fixation surgical procedure on August 7, 2017 with prescription level pain management, followed by extensive grueling physical therapy, beginning on or about August 23, 2017 and continuing through at least the Spring of 2018.

20. The surgical hardware remains in Saldarriaga's body to date.

21. As a result of an infection at the surgical site, Saldarriaga has a scarred indentation in the skin and muscle on his leg.

22. As a direct and proximate result of the chin-up bar dislodging, Plaintiff also sustained a laceration on the back of his head at the time of his accident.

## COUNT I
## (NEGLIGENCE)

4

23. Plaintiff Saldarriaga repeats and realleges all allegations set forth above as if fully set forth herein.

24. Plaintiff's accident, while using the P90X® chin-up bar and his resultant injuries were solely due to the carelessness, recklessness, and negligence of Defendant Beachbody and its agents, servants, and/or employees in the design, testing, manufacture, assembly, production, marketing, distribution, and/or sale of a dangerous, defectively designed and manufactured, and unsafe exercise product.

25. Defendant Beachbody was negligent in failing to design and manufacture the P90X® chin-up bar with an attachment or other means of preventing dislodgement from a door frame during active use and foreseeable and intended use.

26. Defendant Beachbody was negligent in failing to insure that the P90X® chin-up bar was in a proper, safe, and reasonably safe condition for the use for which it was intended as of the date of its manufacture and sale.

27. Defendant Beachbody was negligent in expressly and tacitly representing that the chin-up bar could be safely used without any mechanisms to keep the exercise equipment mounted on the door frame.

28. Defendant Beachbody was negligent in failing to warn that the chin-up bar could become dislodged from the door frame under appropriate and reasonably foreseeable conditions and use.

29. Defendant Beachbody was negligent in failing to place any signs or warnings on the chin-up bar to warn Plaintiff and others of its inherent dangers.

30. Defendant Beachbody was negligent in failing to properly and timely remedy the dangerous and hazardous conditions created for a person using the chin-up bar in the manner

intended by Beachbody, even though it had and/or should have had notice by reasonable research, testing, and diligence about such conditions prior to Plaintiff's accident from the aforesaid appropriate research, testing, and public knowledge about prior lawsuits with similar injuries caused in a similar fashion from similarly designed products.

31. The acts and omissions of Defendant Beachbody as set forth above proximately damaged Plaintiff Giancarlo Saldarriaga.

32. This action falls within one or more of the exceptions set forth in CPLR § 1602.

33. As a direct and proximate result of the acts and omissions of Defendant Beachbody, Plaintiff has suffered and continues to suffer from significant and permanent physical damages, pain and suffering, emotional damages, lost wages, and other damages in an amount to be determined at trial.

## COUNT II
## (STRICT LIABILITY)

34. Plaintiff repeats and realleges all allegations set forth above as if fully set forth herein.

35. The P90X® chin-up bar is a dangerous and defective product.

36. Defendant Beachbody placed the P90X® chin-up bar into the stream of commerce. Exhibit A, Affidavit of Stephen O'Shea.

37. The defective condition of the chin-up bar was a substantial factor in causing Plaintiff's serious injuries and damages.

38. At the time of Plaintiff's accident on August 6, 2017, Plaintiff was using the P90X® chin-up bar for the purpose and in the manner for which it was intended.

39. Plaintiff Saldarriaga would not have discovered the defect in the chin-up bar or perceived its danger in the exercise of reasonable care.

6

40. By the exercise of reasonable care, Plaintiff would not have otherwise averted his serious injuries and damages.

41. This action falls within one or more exceptions set forth in CPLR § 1602.

42. As a direct and proximate result of the acts and omissions of Defendant Beachbody, Plaintiff has suffered and continues to suffer from significant and permanent physical damages, pain and suffering, emotional damages, lost wages, and other damages in an amount to be determined at trial.

## COUNT III
### (FICTITIOUS DEFENDANTS)

43. Plaintiff repeats and realleges all allegations set forth above as if fully set forth herein.

44. Defendants John Does 1-10 and ABC Corps. 1-10 are fictitious names representing the currently unidentified persons, corporations, partnerships and/or business entities of any nature whose tortious acts may have caused or contributed to the injuries and damages more particularly described herein.

45. When the identities of these fictitiously pled tortfeasors are ascertained, Plaintiff shall seek leave to amend this Complaint in accordance with the Federal Rules of Civil Procedure so as to substitute the actual identities of such individuals or entities.

46. As a direct and proximate result of defendants' acts or omissions as aforesaid, Plaintiff suffered injuries of a permanent, severe, and lasting nature, as listed above, was caused to incur substantial expense in treatment of those injuries, was caused to endure severe pain and suffering, and has been and continues to be affected in his ability to perform the daily, usual, and customary activities of his life.

47. Plaintiff attributes each and every act of negligence and strict liability previously alleged in Counts I and II against defendant Beachbody to John Does 1-10 and ABC Corps. 1-10 as if they were more specifically set forth in their entirety.

48. Additionally, Plaintiff attributes and hereby specifically pleads any act which, in any way, contributed to the damages incurred by him as set forth herein.

49. Additionally, Plaintiff attributes and hereby specifically pleads any act which, in any way, contributed to the happening of the incident as set forth herein.

50. By reason of all of the foregoing allegations, Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

51. This action falls within one or more of the exceptions set forth in CPLR §1602.

WHEREFORE, Plaintiff demands judgment against Defendants Beachbody, John Does 1-10, and ABC Corps. 1-10 as follows:

1. In Plaintiff's favor in an amount to be determined by a jury for each of Plaintiff's Counts;
2. Awarding Plaintiff punitive damages in an amount to determined by a jury;
3. Awarding Plaintiff reasonable attorneys' fees, costs, and disbursements; and
4. Granting such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

### DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Cynthia A. Walters, Esq. as trial counsel for the within matter.

**CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to Local Civ. R. 11.2, I certify that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration or administratibe proceeding. In addition, to the best of my knowledge and belief, no other action or arbitration is contemplated. Further, I know of no other parties that must be joined in the above action. I recognize the continuing obligation of each party to this matter and will serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: January 29, 2019
New York, New York

Respectfully submitted,

BUDD LARNER, P.C.

By: *Cynthia A. Walters*
Cynthia A. Walters, Esq.

260 Madison Avenue
18th Floor
New York, NY 10016
Telephone: (973) 379-4800
Fax: (973) 379-7734
Email: cwalters@buddlarner.com

1166246-3